FILED

2018 JAN 11 PM 3: 09

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE VELEZ and NANCY VELEZ on
behalf of themselves and those similarly situated.

Plaintiffs,

CASE NO.: 8:18cv 88T 26MAP

JURY DEMAND
CLASS ACTION

vs.

BANK OF AMERICA, NA,
SPECIALIZED LOAN SERVICING, LLC

Defendants.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, GEORGE VELEZ and NANCY VELEZ ("Plaintiffs"), files suit against Defendants, BANK OF AMERICA, NA ("BOA") and SPECIALIZED LOAN SERVICING, LLC ("SLS", together as "Defendants"), and as grounds therefore states:

### INTRODUCTION

1. Counts I, III, V, VII respectively, are based on Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* ("FDCPA").

2. Counts II, IV, VI, and VIII, respectively, are based on Plaintiff's claims under the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55, et seq. ("FCCPA")

### JURISDICTION AND VENUE

3. This Honorable Court has federal question jurisdiction over the FDCPA causes of action because this cause of action arises out of violation of federal law. 47 U.S.C § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). This Court has jurisdiction over the FCCPA causes of action under its supplemental jurisdiction. 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) as the alleged actions arise from the attempts to collect a debt associated with property located within Hillsborough County, Florida and both Defendants, BOA and SLS, respectively, conduct business in the County of Hillsborough.

## PARTIES

5. Plaintiff, GEORGE VELEZ ("GV"), is the record owner of real property located in Hillsborough County, Florida and still resides in Hillsborough County, Florida.

6. Plaintiff, NANCY VELEZ ("NV"), is the record owner of real property located in Hillsborough County, Florida and still resides in Hillsborough County, Florida.

7. Both Plaintiff's are currently involved in a mortgage foreclosure action relating to an alleged breach of a Note and Mortgage on their homestead property.

8. Defendant, BOA, is a Delaware corporation that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida. Upon information and belief, Defendant is engaged in the business of collecting consumer debts, acting as a mortgage loan servicer, to consumers in the state of Florida and in Hillsborough County, Florida

9. Defendant, SLS, is a Delaware corporation that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida. Upon information and belief, Defendant is engaged in the business of collecting consumer debts, acting as a mortgage loan servicer, to consumers in the state of Florida and in Hillsborough County, Florida

## FACTUAL ALLEGATIONS

10. At all times relevant, Defendants conducted business in the State of Florida within this judicial district.

11. Defendant BOA engages in debt collection, as defined by the FDCPA and FCCPA, in the State of Florida.

12. Defendant SLS engages in debt collection, as defined by the FDCPA and FCCPA, in the State of Florida.

13. At no time did NV enter into a business relationship with Defendant BOA.

14. At no time did NV enter into a business relationship with Defendant SLS.

15. At no time did GV enter into a business relationship with Defendant BOA.

16. At no time did GV enter into a business relationship with Defendant SLS.

17. Plaintiffs allegedly, pursuant to communications received from both Defendants, owe a consumer debt as that term is defined by both the FDCPA and FCCPA.

18. Plaintiffs are consumers as that term is defined by both the FDCPA and the FCCPA.

19. Defendant, BOA, is a creditor as that term is defined by both the FDCPA and the FCCPA.

20. Defendant, SLS, is a creditor as that term is defined by both the FDCPA and the FCCPA.

21. Defendant, BOA is a debt collector as that term is defined by both the FDCPA and the FCCPA.

22. Defendant, SLS, is a debt collector as that term is defined by both the FDCPA and the FCCPA.

23. Within the last year, Defendant, BOA, attempted to collect consumer debts from Plaintiffs.

24. Within the last year, Defendant, SLS attempted to collect consumer debts from Plaintiffs.

25. Defendant, BOA, regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

26. Defendant, SLS, regularly collects, or attempts to collect, debts owed or due or asserted to be owed or due another.

27. During the course of its attempts to collect debts owed or due or asserted to be owed or due another, Defendant, BOA, sent both Plaintiffs bills, statements, or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

28. During the course of its attempts to collect debts owed or due or asserted to be owed or due another, Defendant, SLS, sent both Plaintiffs bills, statements, or other correspondence, via the mail or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

29. Defendant, BOA, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

30. Defendant, SLS, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

31. Plaintiffs' alleged debts to both Defendants arise from transactions for personal, family, and household purposes.

32. On or about July 31, 2007, Defendant, GV, executed a Note payable to E-Loan, Inc., a Delaware Corporation. NV, his wife, joined GV in execution of the Mortgage. This mortgage encumbered the property commonly known as 4510 Eden Rock Rd., Tampa, FL 33634. This was done through an alleged power of attorney. A true and correct copy of the Note and Mortgage is attached as Exhibit A.

33. At or near the time of closing, the servicing of the loan transferred to Popular Mortgage Servicing, Inc. ("POPULAR"), a non-party to this cause of action. The effective date of POPULAR's servicing of this loan was August 10, 2007. POPULAR serviced the loan up to October 31, 2007.

34. On or about October 17, 2007, POPULAR indicated that no payment had been received for the payment due October 1, 2007. A copy of this notice is attached as Exhibit B. As late as December 6, 2007, Plaintiffs still received notices from POPULAR regarding this unpaid amount.

35. Plaintiffs' loan then purportedly transferred to Countrywide Home Loans ("COUNTRYWIDE").

36. It has been alleged by the entities, in a number of courts and proceedings that COUNTRYWIDE became Bank of America, NA. It is unknown whether non-party COUNTRYWIDE and Defendant, BOA, actually has the rights it claims to enforce any agreement; however, it has made that representation through written communication to collect the alleged debt with Plaintiffs.

37. COUNTRYWIDE then initiated a mortgage foreclosure action against GV and NV, seeking that the court below "retain jurisdiction of the [foreclosure action] for entry of a deficiency decree." Pursuant to this language, both individuals were allegedly liable for same as no party was singled out of same.

38. As part of these written communications seeking to collect debt, BOA has sent Plaintiffs written statements. One such written statement, dated January 17, 2017, and received on January 23, 2017, indicates that the homestead property was put on the Vacant Property Registration on December 22, 2016. Said statement included a charge for $1,675.00. Said charge was reflected in the amount sought, of $197,062.72, on that statement. A copy of this statement has been attached as Exhibit C.

4

39. At all times during the time COUNTRYWIDE and BOA's alleged servicing of the loan, Plaintiffs have indicated that the property is their homestead residence and that same is being lived in by them.

40. Subsequent to this statement being generated, the loan was then transferred to Defendant SLS. Subject to further discovery, the loan charges sought by SLS include the December 22, 2016 Vacant Property Registration fee.

41. As part of these written communications seeking to collect debt, Defendant SLS has sent Plaintiffs written statements. One such written statement, received on July 24, 2017, includes "Fees Billed Attorney Expense-Forecl [sic]" On this statement alone, fees of $2,799 were added to the Plaintiffs account. Said statement includes a request for payment of $209,366.99, which includes these amounts. A copy of this statement has been attached as Exhibit D.

42. Clearly both amounts due and owing are wrong. In fact, Defendants have hired multiple inspectors to visit the property, one of which encountered the Plaintiffs at the property where a verbal altercation took place.

43. As a direct result of this instance, Defendant, BOA, was with actual knowledge that the property was occupied. The continued threat of debt collection, and the mistreatment of the occupied status of the property, has the Plaintiffs in fear that they may very well come home to having their locks changed.

44. This fear has caused actual damages to the Plaintiffs, as their health has suffered. *See Rodriquez v. Florida First Fin. Group, Inc.*, 2009 WL 535980 (M.D. Fla. Mar. 3, 2009).

45. These communications have caused damages in the form of missed work and have violated procedural rights as enumerated by the aforementioned statutes. Moreover, these violations have been elevated, by both the state of Florida and the US Congress, as legally cognizable injuries through the FCCPA and FDCPA, respectively.

## CLASS ACTION ALLEGATIONS

46. Plaintiffs re-allege and incorporates by reference the allegations set forth in paragraphs 1 – 45 of this Complaint as though fully set forth herein.

47. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated ("the Class"). Plaintiff, and those individuals who would comprise the anticipated class, can satisfy the pre-requisites of Fed. R. Civ. P. 23(a-b).

48. Plaintiffs represent, and are members of a Class, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have submitted a loss mitigation application to BOA, indicated in that loss mitigation application that they occupy the residence that is the subject of that application, and were subsequently charged a vacated property registration fee on a subsequent monthly statement.

49. Plaintiffs represent, and are members of a Class and subclass, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have been defendant(s) in ongoing foreclosure litigation with BOA in state courts in Florida and were threatened with a late fee for not timely making monthly payments that were the subject of the foreclosure litigation.

50. Plaintiffs represent, and are members of a Class and subclass, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have received statements containing vacant property registration fees or late fees not allowed under the FDCPA or FCCPA, had the ownership, servicing, or other enforcement of the loan transferred to SLS who then, pursuant to its policies and procedures, boarded the loan into its records and did not remove the aforementioned charges.

51. Plaintiffs represent, and are members of a Class and subclass, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, have received communication from BOA and SLS after they put those entities on notice that they were represented by counsel.

52. Plaintiffs represent, and are members of a Class and subclass, consisting of all persons within the state of Florida who, within one year prior to the filing of this Complaint, are actively engaged in ongoing litigation relating to the mortgage loan , have received statements from both BOA and/or SLS, demanding amounts due and owing as attorney's fees, which are charged without a valid court order authorizing same as reasonable.

53. By virtue of these assertions, the possibility of inconsistent or varying adjudications with respect to individual class members can occur. Specifically, based on the notices given to respective class members, and in desperation to save their homes from foreclosure or the risk of foreclosure, class members would be induced into paying, accept the aforementioned charges as amounts currently due under a potential modification, or be found liable for the aforementioned debts.

54. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the class, but believes that the Class members' number exceeds 50, if not more. Thus, this matter should be certified as a Class action for the purposes of judicial economy and efficiency and to assist in the expeditions litigation of this matter.

55. The estimated size of this class is so numerous that joinder of all members would be impracticable and potentially cost prohibitive.

56. The question of law in this case and the factual allegations asserted herein would be common to all class members.

57. The claims and defenses of both Defendants are typical to the matters contained in this cause of action.

58. Undersigned counsel, as well as the Plaintiff, will fairly and adequately protect the interests of this class. Counsel has the resources, expertise, and experience to prosecute this action.

59. Plaintiff and members of the class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, collected or attempted to collect debts that were barred by the statute of limitations which any payment of same would toll the applicable statute of limitations rendering the debts collectable again, in direct violation of the FCCPA and FDCPA. Plaintiff and the class members were damaged thereby.

60. This suit seeks actual, compensatory damages as well as statutory damages on behalf of the Class. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

61. The joinder of Class members is impractical due to the large number of class members, and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records.

62. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within one year prior to the filing of this Complaint, Defendants, after submission of a loss mitigation application by Plaintiffs or Class members which indicated that they lived in the property that was the subject of that

      application, Defendants then charged a vacant property registration fee to the Plaintiffs or Class Member through a written statement;

    b. Whether, within one year prior to the filing of this Complaint, Defendants or their agents, communicated with the Plaintiffs or the Class Member when they had been given notice of attorney representation;

    c. Whether, within one year prior to the filing of this Complaint, Defendants, or their agents, charged a late fee, a vacant property registration fee, an attorney fee without a court order, or boarded those fees into the loan records; AND

    d. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violations.

63. As persons who received at the aforementioned statements and communications from Defendants seeking to collect debts, Plaintiff is asserting claims that are typical of this class. During the one-year period prior to the filing of this Complaint, Defendants were engaged in a pattern and practice of contacting members of the class in connection with a debt, via written statements and phone calls, and charged or sought to charge amounts they were not entitled.

64. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

65. Plaintiff and members of the Class have all suffered irreparable harm as a result of the Defendants unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the relatively small size of the individual claims, few, if any Class members could afford to seek individual legal redress for the wrongs complained of herein.

66. Plaintiff has retained counsel experienced in handling claims involving violations of the Fair Debt Collection Practices act and the Florida Consumer Collection Practices Act.

67. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal and Florida law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action pursuant to FDCPA and FCCPA is minimal. Management of these claims is likely to present significantly fewer difficulties than those present in many class claims.

68. As Plaintiff, and on behalf of the class, has requested injunctive relief to bar Defendants from attempts to collect time-barred debts in the manner contained by these allegations, and subject to further discovery Defendants have continued or will continue to collect debts in the manner referenced in this Amended Complaint until court intervention, this relief is appropriate to the class as a whole.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO PLAINTIFF GEORGE VELEZ
### (AGAINST BOA)

69. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 68 of this Complaint as though fully set forth herein.

70. Subject to further discovery, Defendant, BOA, violated FDCPA 15 U.S.C § 1692(d)(5) by making phone calls to GV's phone system after being advised to cease these communications with the intent to annoy GV.

71. Subject to further discovery, Defendant, BOA, violated FDCPA 15 U.S.C § 1692(d)(6) by failing to disclose an adequate identification of the caller and failing to leave voice mails identifying same.

72. Defendant, BOA, violated FDCPA 15 U.S.C § 1692(e)(2)(a-b) by falsely representing the character, amount, and legal status of the debt [property vacancy] in question on the statement received in January of 2017.

73. Defendant, BOA, violated FDCPA 15 U.S.C § 1692(e)(5) by threatening to take an action that could not be legally taken (i.e., treating a inhabited property as abandoned, charging late fees on accelerated debt, etc.)

74. Defendant, BOA, violated FDCPA 15 U.S.C § 1692(f) by seeking to collect amounts not authorized by any agreement executed by and between GV and BOA.

WHEREFORE, Plaintiff, GEORGE VELEZ, requests that this Court award the following relief in favor of Plaintiff against the Defendant, BOA:

a. The maximum amount of statutory damages provided under 15 U.S.C 1692k(a)(2) for violating his statutory rights;
b. Actual damages which have resulted from the collection of the debt in direct violation of the aforementioned statutes pursuant to 15 U.S.C 1692(k)(a)(1);
c. Reasonable attorney's fees and the costs of this action; and
d. Such other and further relief as this Court may deem just and proper.

## COUNT II – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO PLAINTIFF GEORGE VELEZ
### (AGAINST BOA)

75. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 68 of this Complaint as though fully set forth herein.

76. Defendant, BOA, violated the FCCPA Fla. Stat. § 559.72(9) when it claimed, attempted, and actually sought to enforce and collect a debt when BOA knew that the debt was not legitimate. Specifically, BOA knew, at all times, that the property was not vacant and still charged on its statement a $1,675 vacant property registration fee.

77. Defendant, BOA, violated the FCCPA Fla. Stat. § 559.72(9) when it claimed, attempted, and actually sought to enforce and collect a debt when BOA knew that the debt was not legitimate. Specifically, on its January 17, 2017 statement, asserted that a $64.24 late fee would be charged after February 16, 2017.

78. Defendant, BOA, violated the FCCPA Fla. Stat. § 559.72(18) when it communicated with the debtor after having actual knowledge, through its counsel, that Defendant was represented by counsel. Moreover, Defendant, by virtue of the ongoing foreclosure litigation had actual knowledge of the attorney's name and address, for which no court had allowed his withdrawal.

WHEREFORE, Plaintiff, GEORGE VELEZ, requests that this Court award the following relief in favor of Plaintiff against the Defendant, BOA:

a. The maximum amount of statutory damages provided under Fla. Stat. § 559.77(2) for violating his statutory rights;

b. Actual damages, including medical bills, which have resulted from the collection of the debt in direct violation of the aforementioned statutes under Fla. Stat. § 559.77(2);

c. Reasonable attorney's fees and the costs of this action; and

d. Such other and further relief as this Court may deem just and proper.

## COUNT III – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO PLAINTIFF NANCY VELEZ
### (AGAINST BOA)

79. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 68 of this Complaint as though fully set forth herein.s

80. Subject to further discovery, Defendant, BOA, violated FDCPA 15 U.S.C § 1692(d)(5) by making phone calls to NV's phone system after being advised to cease these communications with the intent to annoy NV.

81. Subject to further discovery, Defendant, BOA, violated FDCPA 15 U.S.C § 1692(d)(6) by failing to disclose an adequate identification of the caller and failing to leave voice mails identifying same.

82. Defendant, BOA, violated FDCPA 15 U.S.C § 1692(e)(2)(a-b) by falsely representing the character, amount, and legal status of the debt [property vacancy] in question on the statement received in January of 2017.

83. Defendant, BOA, violated FDCPA 15 U.S.C § 1692(e)(5) by threatening to take an action that could not be legally taken (i.e., treating a inhabited property as abandoned).

84. Defendant, BOA, violated FDCPA 15 U.S.C § 1692(f) by seeking to collect amounts not authorized by any agreement executed by and between NV and BOA.

WHEREFORE, Plaintiff, NANCY VELEZ, requests that this Court award the following relief in favor of Plaintiff against the Defendant, BOA:

a. The maximum amount of statutory damages provided under 15 U.S.C 1692k(a)(2) for violating her statutory rights;
b. Actual damages, including medical bills, which have resulted from the collection of the debt in direct violation of the aforementioned statutes pursuant to 15 U.S.C 1692(k)(a)(1);
c. Reasonable attorney's fees and the costs of this action; and
d. Such other and further relief as this Court may deem just and proper.

**COUNT IV – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO NANCY VELEZ**
(AGAINST BOA)

85. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 68 of this Complaint as though fully set forth herein.

86. Defendant, BOA, violated the FCCPA Fla. Stat. § 559.72(9) when it claimed, attempted, and actually sought to enforce and collect a debt when BOA knew that the debt was not legitimate. Specifically, BOA knew, at all times, that the property was not vacant and still charged on its statement a $1,675 vacant property registration fee.

87. Defendant, BOA, violated the FCCPA Fla. Stat. § 559.72(9) when it claimed, attempted, and actually sought to enforce and collect a debt when BOA knew that the debt was not legitimate. Specifically, on its January 17, 2017 statement, asserted that a $64.24 late fee would be charged after February 16, 2017, in violation of Florida law. *See Fowler v. First Fed. Sav. & Loan Ass'n of Defuniak Springs, 643 So. 2d 30 (Fla. 1st DCA 1994)*

88. Defendant, BOA, violated the FCCPA Fla. Stat. § 559.72(18) when it communicated with the debtor after having actual knowledge, through its counsel, that Defendant was represented by counsel. Moreover, Defendant, by virtue of the ongoing foreclosure litigation had actual knowledge of the attorney's name and address, for which no court had allowed his withdrawal.

WHEREFORE, Plaintiff, NANCY VELEZ, requests that this Court award the following relief in favor of Plaintiff against the Defendant, BOA:

a. The maximum amount of statutory damages provided under Fla. Stat. § 559.77(2) for violating her statutory rights;
b. Actual damages, including medical bills, which have resulted from the collection of the debt in direct violation of the aforementioned statutes under Fla. Stat. § 559.77(2);
c. Reasonable attorney's fees and the costs of this action; and
d. Such other and further relief as this Court may deem just and proper.

### COUNT V - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO PLAINTIFF GEORGE VELEZ
(AGAINST SLS)

89. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 – 68 of this Complaint as though fully set forth herein.

90. Defendant, SLS, violated FDCPA 15 U.S.C § 1692(d)(5) by making phone calls to GV's phone system after being advised to cease these communications with the intent to annoy GV with at least one phone call, requesting a call back at 800-306-6062.

91. Subject to further discovery, Defendant, SLS, violated FDCPA 15 U.S.C § 1692(d)(6) by failing to disclose an adequate identification of the caller and failing to leave voice mails identifying same.

92. Defendant, SLS, violated FDCPA 15 U.S.C § 1692(e)(2)(a-b) by falsely representing the character, amount, and legal status of the debt [property vacancy] in question by

incorporating and boarding the statement received in January of 2017 by BOA into its business records and the amount due and owing of the loan.

93. Defendant, SLS, violated FDCPA 15 U.S.C § 1692(e)(5) by threatening to take an action that could not be legally taken (i.e., treating a inhabited property as abandoned), charging the consumer for same, incorporating the charge into its business records as the correct amount due and owing, and continuing to attempt to collect same.

94. Defendant, SLS, violated FDCPA 15 U.S.C § 1692(f) by seeking to collect amounts not authorized by any agreement executed by and between GV and SLS.

WHEREFORE, Plaintiff, GEORGE VELEZ, requests that this Court award the following relief in favor of Plaintiff against the Defendant, SLS:

a. The maximum amount of statutory damages provided under 15 U.S.C 1692k(a)(2) for violating his statutory rights;

b. Actual damages, including medical bills, which have resulted from the collection of the debt in direct violation of the aforementioned statutes pursuant to 15 U.S.C 1692(k)(a)(1);

c. Reasonable attorney's fees and the costs of this action; and

d. Such other and further relief as this Court may deem just and proper.

## COUNT VI – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO PLAINTIFF GEORGE VELEZ
(AGAINST SLS)

95. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 68 of this Complaint as though fully set forth herein.

96. Defendant, SLS, violated the FCCPA Fla. Stat. § 559.72(9) when it claimed, attempted, and actually sought to enforce and collect a debt when SLS knew that the debt was not legitimate. Specifically, SLS knew, upon boarding the loan and at all times, that the property was not vacant and still incorporated a previously charged $1,675 vacant property registration fee into its amount due and owing.

97. Defendant, SLS, violated the FCCPA Fla. Stat. § 559.72(18) when it communicated with the debtor after having actual knowledge, through its counsel, that Defendant was represented by counsel. Moreover, Defendant, by virtue of the ongoing foreclosure litigation had actual knowledge of the attorney's name and address, for which no court had allowed his withdrawal.

WHEREFORE, Plaintiff, GEORGE VELEZ, requests that this Court award the following relief in favor of Plaintiff against the Defendant, SLS

a. The maximum amount of statutory damages provided under Fla. Stat. § 559.77(2) for violating his statutory rights.

b. Actual damages, including medical bills, which have resulted from the collection of the debt in direct violation of the aforementioned statutes under Fla. Stat. § 559.77(2);

c. Reasonable attorney's fees and the costs of this action; and

d. Such other and further relief as this Court may deem just and proper.

## COUNT VII - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AS TO PLAINTIFF NANCY VELEZ
(AGAINST SLS)

98. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 68 of this Complaint as though fully set forth herein.

99. Defendant, SLS, violated FDCPA 15 U.S.C § 1692(d)(5) by making phone calls to NV's phone system after being advised to cease these communications with the intent to annoy NV with at least one phone call, requesting a call back at 800-306-6062.

100. Subject to further discovery, Defendant, SLS, violated FDCPA 15 U.S.C § 1692(d)(6) by failing to disclose an adequate identification of the caller and failing to leave voice mails identifying same.

101. Defendant, SLS, violated FDCPA 15 U.S.C § 1692(e)(2)(a-b) by falsely representing the character, amount, and legal status of the debt [property vacancy] in question by incorporating and boarding the statement received in January of 2017 by BOA into its business records and the amount due and owing of the loan.

102. Defendant, SLS, violated FDCPA 15 U.S.C § 1692(e)(5) by threatening to take an action that could not be legally taken (i.e., treating a inhabited property as abandoned), charging the consumer for same, incorporating the charge into its business records as the correct amount due and owing, and continuing to attempt to collect same.

103. Defendant, SLS, violated FDCPA 15 U.S.C § 1692(f) by seeking to collect amounts not authorized by any agreement executed by and between NV and SLS.

WHEREFORE, Plaintiff, NANCY VELEZ, requests that this Court award the following relief in favor of Plaintiff against the Defendant, SLS:

a. The maximum amount of statutory damages provided under 15 U.S.C 1692k(a)(2) for violating her statutory rights;

b. Actual damages, including medical bills, which have resulted from the collection of the debt in direct violation of the aforementioned statutes pursuant to 15 U.S.C 1692(k)(a)(1);

c. Reasonable attorney's fees and the costs of this action; and

d. Such other and further relief as this Court may deem just and proper.

## COUNT VIII – VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO PLAINTIFF NANCY VELEZ
(AGAINST SLS)

104. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 – 68 of this Complaint as though fully set forth herein.

105. Defendant, SLS, violated the FCCPA Fla. Stat. § 559.72(9) when it claimed, attempted, and actually sought to enforce and collect a debt when SLS knew that the debt was not legitimate. Specifically, SLS knew, upon boarding the loan and at all times, that the property was not vacant and still incorporated a previously charged $1,675 vacant property registration fee into its amount due and owing.

106. Defendant, SLS, violated the FCCPA Fla. Stat. § 559.72(18) when it communicated with the debtor after having actual knowledge, through its counsel, that Defendant was represented by counsel. Moreover, Defendant, by virtue of the ongoing foreclosure litigation had actual knowledge of the attorney's name and address, for which no court had allowed his withdrawal.

WHEREFORE, Plaintiff, NANCY VELEZ, requests that this Court award the following relief in favor of Plaintiff against the Defendant, SLS

a. The maximum amount of statutory damages provided under Fla. Stat. § 559.77(2) for violating her statutory rights;

b. Actual damages, including medical bills, which have resulted from the collection of the debt in direct violation of the aforementioned statutes under Fla. Stat. § 559.77(2);

c. Reasonable attorney's fees and the costs of this action; and

d. Such other and further relief as this Court may deem just and proper.

## VERIFICATION OF GEORGE AND NANCY VELEZ

Plaintiffs, GEORGE VELEZ and NANCY VELEZ, declare under penalties of perjury, that they have read the foregoing [document] and that the facts stated in it are true as it relates to them individually.

_____
GEORGE VELEZ

_____
NANCY VELEZ

## REQUEST FOR JURY TRIAL

Plaintiffs, GEORGE VELEZ and NANCY VELEZ, respectfully request a jury trial on all issues so triable.

Dated, January ___, 2018.

Respectfully submitted,

OWEN & DUNIVAN, PLLC
Attorneys for Plaintiff(s).
615 W. De Leon St.
Tampa, FL 33606
Phone: 813.502.6768
Email: bdunivan@owendunivan.com
   mowen@owendunivan.com
   cservice@owendunivan.com

By: _____
Bryant H. Dunivan Jr., Esq.
Fla. Bar No.: 102594

Scanned by CamScanner

## VERIFICATION OF GEORGE AND NANCY VELEZ

Plaintiffs, GEORGE VELEZ and NANCY VELEZ, declare under penalties of perjury, that they have read the foregoing [document] and that the facts stated in it are true as it relates to them individually,

_____                                    _____
GEORGE VELEZ                                                                                    NANCY VELEZ

## REQUEST FOR JURY TRIAL

Plaintiffs, GEORGE VELEZ and NANCY VELEZ, respectfully request a jury trial on all issues so triable.

Dated, January 11, 2018.

Respectfully submitted,

OWEN & DUNIVAN, PLLC
Attorneys for Plaintiff(s).
615 W. De Leon St.
Tampa, FL 33606
Phone: 813.502.6768
Email: bdunivan@owendunivan.com
          mowen@owendunivan.com
          eservice@owendunivan.com

By: _____
     Bryant H. Dunivan Jr., Esq.
     Fla. Bar No.: 102594

16