# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GEORGE VELEZ AND NANCY VELEZ, on
behalf of themselves and those similarly situated,

    Plaintiffs,

v.                                                               CASE NO. 8:18-cv-88-T-26MAP

BANK OF AMERICA, N.A., and
SPECIALIZED LOAN SERVICES, LLC,

    Defendants.
_____/

## **O R D E R**

**BEFORE THE COURT** is Defendant Specialized Loan Services, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 33), Plaintiff's Response in Opposition (Dkt. 36), Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 34), and Plaintiff's Response in Opposition (Dkt. 35). After careful consideration of the allegations of the First Amended Complaint (Dkt. 29), the argument of counsel, and the applicable law, the Court concludes the motions should be denied.

## **ALLEGATIONS**

The eight-count amended complaint seeks relief for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the FDCPA) and the Florida Consumer Collection Practices Act, § 559.55 *et seq*., Florida Statutes (the FCCPA), which are divided into four counts brought by George Velez against each Defendant separately and the

remaining counts by Nancy Velez against each Defendant separately.  In July 2007, Plaintiffs executed a note and mortgage for their home in Tampa.  The note was payable to E-Loan, Inc., but the servicing of the loan transferred to Popular Mortgage Servicing, Inc. (Popular) very near the time of closing.  Popular serviced the loan from August to October 2007.  From October 2007 to December 2007, Popular issued notices stating that no payment had been made for the payment due on October 1, 2007.

The loan was at some point transferred to Countrywide Home Loans (Countrywide), which Plaintiffs allege became Bank of America, N.A. (BOA).  Plaintiffs allege the loan was in default at the time of transfer to Countrywide.  Countrywide filed a mortgage foreclosure action in 2008 in which it alleged that the note was in default and also sought a deficiency judgment.  BOA alleged in the state foreclosure action that it possesses the enforcement rights.  Specialized Loan Services, LLC (SLS) was not involved in that case.  The loan was subsequently transferred to SLS at some point after January 2017.

With respect to violations of the FCCPA, BOA sent Plaintiffs written monthly statements, including one dated January 17, 2017, indicating that their home was placed on the Vacant Property Register on December 22, 2016.  The statement charged $1,675.00 as a vacant property registration fee, in addition to asserting a late fee would be charged if not paid before mid-February 2017.  This amount was added to the total indebtedness due.  BOA sent inspectors to the property on multiple occasions, "one of which encountered the Plaintiffs at the property where a verbal altercation took place on November 11, 2016."

Plaintiffs allege that this act established "actual knowledge that the property was occupied." Prior to this incident, on May 29, 2015, in the foreclosure proceedings when they were deposed by BOA, they testified that they lived at the property, which is their home. BOA made these communications to Plaintiffs directly, knowing they were represented by counsel.

The allegations concerning violations of the FCCPA with respect to SLS establish that SLS sent Plaintiffs written monthly statements, which included the $1,675.00 vacant property registration fee. Plaintiffs allege that SLS knew "upon boarding the loan" that the property was not vacant, yet still incorporated the fee. SLS sent one statement in July 2017, indicating that fees of $2,799 for "Fees Billed Attorney Expense-Forecl [sic]" were due. This amount was added to the total indebtedness. SLS communicated directly with Plaintiffs, knowing that they were represented by counsel.

With respect to the FDCPA, Plaintiffs claim that BOA made phone calls to George Velez and Nancy Velez's phone on March 6 and 7, 2017, after being advised on January 26, 2017, to cease calling in violation of § 1692(d)(5). BOA failed to identify the caller or leave a voice mail identifying same, in violation of § 1692(d)(6). BOA falsely represented "the character, amount, and legal status of the debt [property vacant]" in the statement received in January 2017, in violation of § 1692(e)(2)(a-b). BOA threatened to take action it could not legally take by treating an inhabited property as abandoned and charging late fees on an accelerated debt, in violation of § 1692(e)(5). BOA sought to collect amounts not authorized by the agreements, in violation of § 1692(f).

The amended complaint alleges that SLS made phone calls to George Velez and Nancy Velez's phone after being advised to cease communications in violation of § 1692(d)(5) of the FDCPA. The calls were made "with the intent to annoy" and SLS requested Plaintiffs call back. SLS failed to identify the caller or leave a voice mail identifying same, in violation of § 1692(d)(6). SLS falsely represented "the character, amount, and legal status of the debt [property vacant]" in the statement received in violation of § 1692(e)(2)(a-b). SLS threatened to take action it could not legally take by treating an inhabited property as abandoned and incorporating the charge into its business records as the correct amount. SLS sought to collect amounts not authorized by the agreements, in violation of § 1692(f).

BOA seeks to dismiss the amended complaint based on three grounds: 1) the failure to comply with the performance of a condition precedent to the filing of this suit pursuant to the pre-suit notice and cure provisions of the mortgage; 2) the failure to allege violations of the FDCPA or FCCPA, specifically that BOA was not a debt collector and properly sent one mortgage statement showing the vacant property registration fee; and 3) the claim is barred by Florida's litigation immunity. SLS seeks to dismiss the amended complaint on three grounds: 1) the failure to comply with the performance of a condition precedent to the filing of this suit pursuant to the pre-suit notice and cure provisions of the mortgage; 2) the failure to allege violations of the FDCPA or FCCPA, specifically SLS was not a debt collector, was not given sufficient notice that Plaintiffs were represented by counsel, and properly charged a

vacant property registration fee and attorneys' fees pursuant to the mortgage; and 3) for all the reasons stated by BOA.

## DISCUSSION

Applying the Twombly-Iqbal[1] plausibility standard to the allegations of the amended complaint, the Court finds the amended complaint sufficient.

### Notice and Cure under the Mortgage

The amended complaint alleges that both SLS and BOA took by assignment, perhaps as servicers, a defaulted mortgage. SLS and BOA argue that paragraph 20 of the mortgage requires that Plaintiffs, as the borrowers, give written notice and the opportunity to cure any error before filing a suit. Most of the cases cited by SLS and BOA do not involve violations of the FDCPA or FCCPA, and to the extent they do, involve claims regarding an illegal profit scheme.[2] The heart of Plaintiffs' suit is not the unlawful overcharging of inspection fees, but the wrongful conduct in collecting a debt. Plaintiffs respond that first, the pre-suit notice and cure provision cannot be applied to escape FDCPA or FCCPA liability, and second, SLS and BOA are not lenders but assigns of servicers pursuant to the terms of the mortgage. In the context of a motion to dismiss, this Court will not engage in a fact-finding mission to determine whether SLS and BOA are lenders or assigns or servicers under the mortgage.

---

[1] Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[2] See cases cited on page 7 of docket 34, and pages 7 and 8 of docket 33.

The Court therefore finds that the amended complaint is not fatally flawed for failure to allege compliance with the notice and cure provisions of the mortgage.

### Debt Collectors

BOA and SLS argue that they are not debt collectors as defined by the FDCPA or FCCPA. Plaintiffs allege that SLS and BOA acquired the loan while it was in default and therefore SLS and BOA may be debt collectors under the FDCPA. See Goodin v. Bank of Am., N.A., 114 F.Supp.3d 1197, 1204 (M.D. Fla. 2015) (establishing FDCPA claim requires proof that entity is a debt collector, and a mortgage servicing company is a debt collector under FDCPA if the loan was acquired while in default).[3] Without unequivocally finding that BOA and SLS are debt collectors at this stage of the proceedings, the Court will allow the action to proceed because Plaintiffs have stated plausible claims.

### Communications with Plaintiffs as Represented Parties

Plaintiffs allege that SLS and BOA violated section 559.72(18) of the FCCPA and 15 U.S.C. § 1692c(a)(2) of the FDCPA by communicating directly with them in collecting a debt knowing that they were represented by counsel or could readily ascertain their attorney's name and address. The amended complaint alleges that SLS and BOA had actual knowledge that the Plaintiffs were represented by counsel in the foreclosure proceedings. See docket 29, ¶¶ 100 and 109. On the other hand, the amended complaint alleges that SLS was not a party

---

[3] See also Negron v. Selene Fin., LP, 2017 WL 2721827, at *4 (M.D. Fla. 2017) (finding that complaint sufficiently alleged Selene was debt collector); Johnson v. Specialized Loan Servicing, LLC, 2017 WL 8314654, at *5 (M.D. Fla. 2017) (same as to Specialized Loan).

to the foreclosure and had no notice of the foreclosure action. See docket 29, ¶ 38. SLS argues that the notice of representation in the foreclosure action is insufficient to place it on notice that Plaintiffs were represented by counsel with respect to the debt and cites <u>Nordwall v. PNC Mortgage</u>, 2015 WL 4095350, at *3 (M.D. Fla. 2015), and <u>Wright v. Select Portfolio Servicing, Inc.</u>, 2015 WL 419618, at *5 (M.D. Fla. 2015). As Plaintiffs point out, however, the state foreclosure action seeks a deficiency judgment against both Plaintiffs and, therefore, it may be proper notice of the representation by an attorney. <u>France v. Ditech Fin., LLC</u>, 2018 WL 1695405, at *2-3 (M.D. Fla. 2018) (citing <u>Goodin</u> and <u>Sheldon v. Clarfield, Okon, Salomone & Pincus, P.L.</u>, 2015 WL 4651320, at *1 (S.D. Fla. 2015)). Consequently, the allegations with respect to notice, when accepted as true, are sufficient to withstand dismissal on this point.

## Regulations regarding Mortgage Statements

Even though SLS and BOA argue that regulations require mortgage statements be sent to the borrower, additional debt collection language may transform the statement into an attempt to collect a debt. See <u>Kelliher v. Target Nat'l Bank</u>, 826 F.Supp.2d 1324, 1328 (M.D. Fla. 2011). To the extent SLS attempts to distinguish <u>Kelliher</u> and cites cases holding otherwise, the Court finds that this exercise is best left for resolution after the dismissal stage.[4]

---

[4] The Court also finds the allegations with respect to telephone communications with Plaintiffs sufficient.

### FCCPA Claims and Florida's Litigation Privilege

Florida's litigation privilege is an affirmative defense. The Court agrees with Plaintiffs that a determination of whether the privilege bars the FCCPA claim against BOA for sending the mortgage statement should be determined after some factual development. It is not plain from the allegations of the amended complaint that the privilege applies under the circumstances alleged. As such, a motion to dismiss is not the appropriate method to resolve this issue.

It is **ORDERED AND ADJUDGED** as follows:

(1)     Defendant Specialized Loan Services, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 33) is denied.

(2)     Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 34) is denied.

(3)     Defendants shall file their answers and defenses to the amended complaint within ten (10) days.

**DONE AND ORDERED** at Tampa, Florida, on April 18, 2018.

        s/*Richard A. Lazzara*
        **RICHARD A. LAZZARA**
        **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record