UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE VELEZ and NANCY VELEZ
on behalf of themselves and those similarly
situated,

    Plaintiffs,

v.     Case No. 8:18-cv-88-T-35SPF

BANK OF AMERICA, N.A. and
SPECIALIZED LOAN SERVICING, LLC,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Defendant Specialized Loan Servicing, LLC's ("Defendant") Request for Sanctions, and in the Alternative, Third Motion to Compel (Doc. 84). Plaintiffs have not responded to the motion, and the time to do so has passed. *See* Local Rule 3.01(b), M.D. Fla. (party opposing motion must file response in opposition within 14 days after service). Therefore, the motion is deemed unopposed. *See Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6006-ORL-31TBS, 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (stating that a party's failure to respond to a motion indicates the motion is unopposed).

Defendant initially served Interrogatories and Requests for Production on Plaintiffs on September 11, 2018. After numerous attempts to obtain Plaintiffs' discovery responses, Defendant filed its first Motion to Compel Discovery Responses from the Plaintiffs (Doc. 56), to which Plaintiffs failed to respond. This Court granted the motion, ordered Plaintiffs to serve Defendant with the requested discovery within 14 days of the date of the Order, and

granted Defendant's request for costs and attorney's fees incurred in filing the motion (Doc. 57).

Plaintiffs, however, failed to serve Defendant with the discovery within the 14 day deadline, and Defendant filed its Second Motion to Compel Discovery Responses from the Plaintiffs and Request for Sanctions (Doc. 60). This time Plaintiffs responded to the motion and indicated that they "do not contest the Defendant's right to discovery and acknowledge the Court's Order" (Doc. 63). Plaintiffs further indicated that "[i]n an effort to show good faith partial compliance with this court's order," Plaintiffs' responses to the Request for Production would be served on February 5, 2019, with the caveat that the responses would be unsorted and not linked to each particular request as Plaintiffs need more time to sort the documents (Doc. 63). Defendant confirmed in its Reply that, as promised, Plaintiffs provided "a document dump of materials" as well as "what appears to be a joint response to [Defendant's] First Set of Interrogatories" (Doc. 65). Defendant detailed in its Reply the insufficiency of the discovery responses in this format including the fact that there was no discernable way to determine how the production of numerous folders, containing hundreds of pages, actually related to Defendant's Interrogatories or Request for Production.

The Court granted Defendant's Second Motion to Compel and ordered Plaintiffs to serve Defendant with complete discovery responses, including proper reference to any documents upon which they rely, within 30 days of the date of the Order (Doc. 68). The Court additionally ordered that, within 45 days of the date of the Order, Defendant shall file with the Court a status report regarding Plaintiffs' compliance, or lack thereof, with the Order, and that, if Defendant reports continued failure to comply with the Court's Orders, Plaintiffs shall have 14 days from the filing of Defendant's status to show cause why the Court should

not recommend more stringent sanctions to the District Judge such as dismissal of the case pursuant to Federal Rule of Civil Procedure 37(b)(2). The Court also granted Defendant's request for costs and attorney's fees incurred in filing the Second Motion to Compel.[1]

Defendant subsequently filed a status report regarding Plaintiffs' continued non-compliance stating that Plaintiffs had provided nothing to Defendant or made any contact with Defendant's counsel since entry of the Court's most recent Order (Doc. 73). The Court then entered a Show Cause Order directed to Plaintiffs as to why the action should not be dismissed for failure to comply with the Court's Orders and set a Show Cause Hearing, which the Court held on May 16, 2019 (Doc. 75). At the hearing, the Court extensively discussed Plaintiffs' obligations to respond to discovery requests and comply with Court orders. In addition, the Court went through each discovery request with Plaintiffs and explained the deficiencies in their responses (Doc. 80). The Court then entered an Order directing Plaintiffs to serve complete discovery responses, including proper reference to any documents upon which they rely, by June 6, 2019, and advising that failure to comply may result in a recommendation to the District Judge that this case be dismissed (Doc. 79). The Court also ordered the parties to submit a joint status report by June 13, 2019, regarding compliance with the Order.

On June 13, 2019, the parties filed a joint status reporting partial compliance with the Order and indicating that, while some of the responses did a better job at identifying what

---

[1] It is noteworthy that one week after the entry of this Order, the Court granted a motion for withdrawal of Plaintiffs' counsel and advised Plaintiffs that they were considered to be proceeding *pro se* in this matter until such time as they obtained substitute counsel and new counsel filed a notice of appearance on Plaintiffs' behalf and that they were expected to adhere to the deadlines set by the Court as well as to the procedural requirements of the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida (Doc. 70).

3

was actually being produced in response to the particular request, there were still a number of issues with both of Plaintiffs' updated responses (Doc. 82 at ¶ 8; Doc. 83 at ¶ 2). Defendant's counsel attempted to resolve the outstanding issues with Plaintiffs and filed a Supplemental Status Report regarding the outstanding insufficiencies (Doc. 83).

Defendant then filed the Request for Sanctions, and in the Alternative, Third Motion to Compel (Doc. 84) now before the Court. Defendant seeks an order dismissing Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(iii) & (v) and 41(b) due to Plaintiffs' continued pattern of willful disregard and failure to comply with the Court's Orders in this case. In the alternative, Defendant requests an order requiring Plaintiffs to provide complete discovery responses and enter an amended scheduling order providing Defendant the ability to depose Plaintiffs once they provide complete discovery responses and extending the dispositive motion, pre-trial, and trial deadlines.[2] Defendant also seeks an award of attorney's fees and costs for bringing the motion.

The Federal Rules of Civil Procedure authorize that "[i]f a party ... fails to obey an order to provide or permit discovery," the district court "may make issue further just orders" including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). The Eleventh Circuit has recognized that "[d]ismissal with prejudice is the most severe Rule 37 sanction and is not favored ... [b]ut, dismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." *Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir. 1993). Dismissal is not an abuse of discretion "[w]hen a party demonstrates a

---

[2] The district court subsequently entered an Order (Doc. 88) granting Defendant's Motion for Extension of Dispositive Motion Deadline and New Scheduling Order (Doc. 86) and entered an Amended Case Management and Scheduling Order extending the requested deadlines (Doc. 89).

4

flagrant disregard for the court and the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481 (11th Cir. 1982). On the other hand, a "[v]iolation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 ... dismissal." *Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir. 1993). Dismissal is appropriate only as a last resort -- when less drastic but equally effective sanctions could have been fashioned to ensure compliance with the court's orders. *Mene v. Marriott Int'l, Inc.*, 238 F. App'x 579, 581-82 (11th Cir. 2007) (citing *Aztec Steel,* 691 F.2d at 481–82).

Upon due consideration, the Court finds that dismissal would be an inappropriate sanction at this time. Although Plaintiffs have not yet fully satisfied their discovery obligations, they have provided answers to Defendant's Interrogatories and tendered discovery materials to Defendant in response to Defendant's Request for Production. In addition, due to the extension of the discovery deadline to November 1, 2019, there is still time to address Defendant's remaining issues regarding Plaintiffs' responses. As such, lesser sanctions are appropriate such as costs and attorney's fees associated with bringing its motion. *See, e.g., U.S. v. Doletzky*, No. 8:18-cv-780-T-36CPT, 2019 WL 2232223 (M.D. Fla. May 23, 2019). The Court reiterates that failure to comply with the Court's Orders may result in more severe sanctions such as a recommendation to the District Judge of dismissal of the case.

With that in mind, the Court now turns the outstanding discovery issues raised by Defendant.

<u>Interrogatories</u>

Request 1: Defendant objects to Plaintiffs' response that paragraph 43 of the Amended Complaint (Doc. 29) "does not indicate the vacant property registration fee." *See* Doc. 82-1 at 1. Paragraph 43 of the Amended Complaint does state, in pertinent part, "Subject to further

discovery, the loan charges sought by SLS include the December 22, 2016 Vacant Property Registration fee." (Doc. 29 at ¶ 43). As such, Plaintiffs need to revise their response to Request #1.

Request 8: If Plaintiffs intend to call the individuals listed as witnesses at trial, Plaintiffs must provide contact information for those individuals to Defendant.

Requests for Production

Request 3: As to the portion of Plaintiffs' response that "Notebooks are in process of being uploaded into Dropbox and you should be notified as each file is updated," this is insufficient. Plaintiffs must either produce the documents or indicate that they have already produced all documents in their possession, custody and control as to that particular request.

Requests 4, 7, 8, 16: As discussed above, Plaintiffs must either produce the documents or indicate that they have already produced all documents in their possession, custody and control as to those particular requests.

Requests 13, 14, 15, 27: Plaintiffs' response of "Currently do not have those documents" is insufficient. Plaintiffs must either produce the documents or indicate that they have already produced all documents in their possession, custody and control as to those particular requests.

Request 23: Plaintiffs claim attorney-client privilege as to Defendant's request for production of documents related to retention of counsel in this litigation. Defendant asserts that these items are needed to determine when Plaintiff's retained counsel and the scope of the representation as alleged in counts 6 and 8, as Plaintiffs claim that Defendant communicated with them after having actual knowledge that Plaintiffs were represented in a foreclosure case. Defendant argues it needs to review in what capacity the Plaintiffs' counsel

was actually retained. Defendant also asserts it needs to know the attorney's compensation as Plaintiffs have claimed a right to collect attorney's fees for his representation. Plaintiff is directed to send the responsive information to the Court for an *in camera* review.

Request 31: Plaintiffs must either produce the documents or indicate that they have already produced all documents in their possession, custody and control as to those particular requests. If Plaintiffs have already produced the documents, they must specifically identify which documents are responsive to the request and where they are located in the folders provided.

Request 32: This request is not related to the class action allegations and must be responded to by Plaintiffs. In addition, Plaintiffs must either produce the documents or indicate that they have already produced all documents in their possession, custody and control as to that particular request.

Requests 34, 35: Plaintiffs must specifically identify which documents are responsive to the requests and where they are located in the folders provided.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Request for Sanctions, and in the Alternative, Third Motion to Compel (Doc. 84) is **DENIED WITHOUT PREJUDICE** as to the request for sanctions and **GRANTED** as to the motion to compel. Plaintiffs shall serve their amended responses, consistent with this Order, on Defendant by October 11, 2019. With respect to Request 23, by no later than October 11, 2019, Plaintiff shall email the responsive information to the Court at the following email address: Chambers_flmd_Flynn@flmd.uscourts.gov.

2. The parties are direct to appear for a hearing before the undersigned to confirm Plaintiffs' compliance with this Order. The hearing is scheduled for October 16, 2019, at 11:00 a.m. in Courtroom 11B of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. Plaintiffs' failure to appear may result in the dismissal of this action. If Defendant files a notice with the Court that the discovery issues have been resolved, the Court will cancel the hearing.

3. Defendant's request for costs and attorney's fees incurred in filing its Request for Sanctions, and in the Alternative, Third Motion to Compel (Doc. 84) is **GRANTED**. Within 30 days of the date of this Order, Defendant shall file with the Court an affidavit setting forth the reasonable costs and fees incurred with respect to filing its Request for Sanctions, and in the Alternative, Third Motion to Compel (Doc. 84). Plaintiffs shall have 14 days from the filing of Defendant's affidavit to object to the fees and costs claimed.

**ORDERED** in Tampa, Florida, on October 4, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE